UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-08953-MWF (PLAx)     Date:  April 2, 2014
Title:    Felix B. Prescott -v- HireRight Solutions, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE DEFENDANT AMERICAN AUTOMOBILE ASSOCIATION

On February 14, 2013, Plaintiff Felix B. Prescott initiated this action by filing a Complaint in Los Angeles County Superior Court.  (*See* Docket No. 1-1).  On November 1, 2013, Prescott filed, on behalf of himself and all similarly situated individuals, a First Amended Complaint ("FAC").  (Docket No. 1-10).  On December 4, 2013, Defendants removed this action to this Court.  (Docket No. 1).  On February 24, 2014, Prescott filed a Second Amended Complaint ("SAC").

Defendant American Automobile Association ("AAA") was named in the original Complaint, the FAC, and the SAC.  However, it appears that AAA was never served the Complaint, the FAC, or the SAC.  (Auto Club's Mot. at 2 n.1).  This failure to serve AAA violated the Court's scheduling conference order issued on December 10, 2013, requiring Prescott to "*promptly*" serve the operative complaint on all defendants.  (Docket No. 7) (emphasis in the original).

The failure to serve AAA also fails to comply with Federal Rule of Civil Procedure 4(m).  Rule 4(m) requires service of process on a defendant within 120 days of filing a complaint.  Fed. R. Civ. P. 4(m).  In cases removed from state court, the 120-day period commences on the date of removal.  *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011).  Here, the 120-day period began on December 4, 2013 when Defendants removed this action, and will expire on April 3, 2014.  The filing of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-13-08953-MWF (PLAx)          **Date:**  April 2, 2014
**Title:**     Felix B. Prescott -v- HireRight Solutions, Inc., et al.

an amended complaint does not restart the 120-day period under Rule 4(m), "except as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006); *see also Carr v. Int'l Game Tech.*, 770 F. Supp. 2d 1080, 1100 (D. Nev. 2011) (citing to *Bolden* for the same proposition). Because AAA was a named Defendant since the original Complaint, the filing of the SAC does not re-start the 120-day period.

This action is already scheduled for a hearing on April 7, 2014, at 10:00 a.m. with regard to two motions filed by Defendants. (Docket Nos. 30, 31). Therefore, the Court **ORDERS** Prescott to Show Cause at the hearing on **April 7, 2014, at 10:00 a.m.** why AAA should not be dismissed from this action.

Prescott is permitted to respond to this Order both orally at the hearing and in writing. If Prescott chooses to submit a written response, that response must be filed by **April 4, 2014, at 5:00 p.m.**, and is limited to **7 pages**. The 7-page limit does not include any evidentiary attachments. Regardless of whether Prescott chooses to file a written response, he will have the opportunity to address the Court at the hearing.

IT IS SO ORDERED.